## ERNEST TREISCHEL

### v.

## CHRISTIAN WEISE ET AL.

*Real Property—Conveyance—Mortgage—Consideration—Agreement to Support—Evidence.*

In a controversy turning upon the meaning of a transaction involving the giving of deeds and the execution of notes and mortgage, the sam? growing out of an arrangement entered into for the support of a third person, this court holds that the trial court erred in excluding evidence going to show the value of the property in question.

[Opinion filed July 1, 1889.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EUANS, for appellant.

Messrs. HARRIS & HOOPER, for appellees.

C. B. SMITH, J.    This is a suit brought by appellees Christian Weise and his wife, Lina Weise, in assumpsit against appellant, Ernest Treischel.   A trial was had in the Circuit Court before a jury resulting in a verdict for the plaintiffs for $377.77. After overruling a motion for a new trial, the court gave judgment for plaintiff on the verdict and appellant now appeals to this court and asks for a reversal of the judgment for various errors assigned.

The parties and all the witnesses to this suit are Germans; some of them speaking the English language imperfectly and probably understanding it imperfectly.   As we gather the material facts from this record they seem to be about these: Treischel came to this country about twenty-four years ago. When he left the old country, he left his mother and sisters behind; some years after Treischel left home for this country,

Christian Weise married one of the sisters of Treischel, and seems thenceforth to have made his home with his wife's family. After a while Weise and his wife and Treischel's mother all desired to come to this country, and to aid them to come here Treischel loaned them $150 to pay their expenses to come. Weise had some four or five children by his first wife. Treischel's mother, the grandmother of these children, became very much attached to her grandchildren, and desired to live with Weise and his children after he came to this country. After he came here, Weise again married, and it appears that he with his wife and children and their grandmother all lived together in a rented home. While they were thus living together Weise's wife and the grandmother had a quarrel resulting in the grandmother going to her son Treischel's to live; but she soon tired of the change and wanted to go back to her grandchildren and live with Weise. Weise proposed to Treischel that if he would buy him a small house of one Otis, so that he could stop paying rent, he would move into it and take Treischel's mother back and keep her and support her for her life in consideration of about $60, and would give Treischel a bond in the sum of $500 to keep the old lady for life for the sum named.

Accordingly Treischel bought of Otis the house and lot for $215 and had the deed made to Weise and his wife, and Treischel paid Otis for the land, but it is clear he did not give the house to Weise and his wife, for on the same day the deed was made to Weise, January 13th, Weise executed three notes back to Treischel as follows: one for $70, and two each for $35, making in all $140, and secured these notes by a mortgage back to Treischel on the house and lot, and on the same day Weise executed a bond to Treischel in the penal sum of $500, obligating himself to take care of Treischel's mother for her lifetime, in consideration of the $60 he was allowed to deduct from the purchase price on the house and which he was not to pay back to Treischel. Weise then moved into the house, and lived in it only about three or four months, and then moved out and rented the house. Some time after this purchase, Weise was indicted for selling liquor and convicted and sent to

Treischel v. Weise.

jail, and while he was in jail, his wife again quarreled with Treischel's mother and drove her from the house. After it was found that Weise's wife would not allow the old lady to live with them, it then became necessary for Weise to get rid of his bond for $500. Treischel took his mother home. Treischel then proposed to Weise to deed him back the property, and to give up his notes and mortgage, and the bond which had been before given to Treischel.

The deed was made and signed by Weise and his wife and by Weise delivered to Treischel. Weise swears that it was a sale and purchase, and that it was agreed between himself and Treischel that Treischel was to pay him $500 for the property; that the notes and mortgage were to be surrendered up, and that he was to have the difference between the $500 and the notes paid him in cash. Weise delivered the deed without either getting his own notes surrendered or getting a note or any money for the balance of the $500. But on the trial it was shown that the defendant offered the plaintiff his notes and mortgage and his bond. The record does not disclose whether he accepted them or not; it is also in proof that defendant told Weise at the time the deed was delivered, that he did not then have the papers with him, but that he could have them any time he would call at his house. Treischel, on the contrary, swears, with equal positiveness, that the whole transaction was not a mere sale, but a rescission of the former arrangement, which had failed of its-purpose, and the purpose of having the deed made back to Treischel and the $500 bond and notes and mortgage, executed by Weise, surrendered back to him, was to restore them to their former condition as near as could be. Without going into the evidence in detail we think the whole testimony, and the circumstances surrounding the transaction, tends strongly to support the contention of Treischel. The direct testimony was conflicting, and the circumstances, which could not be contradicted, were therefore entitled to a great deal of weight. But, inasmuch as the case must be reversed and another trial had, we forbear from observing as to the weight of evidence. In this conflict of the evidence as to whether this was, in fact, a *bona fide* sale for $500

or a mere method of restoring the title of the land back to Treischel, and giving back to Weise his obligations, it was important for the jury to know what the real value of the lot was. If the lot was, in fact, worth $500, then that would be a circumstance tending to support Weise's contention in insisting that he was to have $500 for it; but if, on the contrary, the lot was worth only about $200 then that was a circumstance tending to support Treischel in his contention.

Counsel for defendant asked him, when on the witness stand: "What was the property worth at the time he (Weise) deeded it back to you?" The court sustained an objection to this question to which ruling exception was then taken, and no further or other proof was offered or heard by the jury on that subject. We think that the testimony was competent and proper and that the court erred in excluding it.

For the reasons above indicated we think the verdict should have been set aside, and for that error the judgment is reversed and cause remanded.